FILED
2021 OCT 12 AM 7:38
CLERK
U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **LAURA L.,**<br><br>          **Plaintiff,**<br><br>     **vs.**<br><br>**KILOLO KIJAKAZI,**<br>**Commissioner of Social Security**<br>**Administration,**<br><br>          **Defendant.** | **Case No. 2:20-cv-00687**<br><br><br>**MEMORANDUM DECISION**<br>**& ORDER**<br><br><br>**Magistrate Judge Dustin B. Pead** |

## INTRODUCTION[1]

Plaintiff Laura L.[2] seeks judicial review of the Commissioner of Social Security's

decision denying her claim for disability insurance benefits and supplemental security income

under the Social Security Act. After careful review of the administrative record, the parties'

briefs and arguments, and the relevant law, the undersigned concludes that the Commissioner's

---

[1]  The parties in this case consented to United States Magistrate Judge Dustin B. Pead conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit. (ECF No. 11.) *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

[2] Based on privacy concerns regarding sensitive personal information, the court does not use Plaintiff's last name. Privacy concerns are inherent in many of the Federal Rules. *See* Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. 49.1.

decision is supported by substantial evidence and free of harmful legal error. Accordingly, as set forth herein, the Commissioner's decision is AFFIRMED.

## BACKGROUND

On August 10, 2017, Plaintiff Laura L. ("Plaintiff") applied for social security disability and social security income benefits, under Titles II and XVI of the Social Security Act respectively, alleging a disability onset date of November 15, 2011. (Tr.[3] 226-232; Tr. 233-240.) Plaintiff's last date insured was March 31, 2015.[4] (Tr. 18.) Plaintiff's claims were initially denied on February 15, 2018, and again upon reconsideration on April 3, 2018. (Tr. 153-156; Tr. 157-160; Tr. 163-165; Tr. 166-170.) Thereafter, Plaintiff requested an administrative hearing which was held in Salt Lake City, Utah on August 29, 2019, before Administrative Law Judge ("ALJ") Jason Crowell. (*Id.*); 20 C.F.R. § 404.929 *et seq.*; 20 C.F.R. § 404.936(c).[5] Plaintiff appeared and testified at the hearing. (Tr. 31-62.)

---

[3] Tr. refers to the transcript of the administrative record before the Court.

[4] In order to qualify for disability insurance benefits, a claimant must establish a disability on or before his date last insured. *See* 20 C.F.R. § 404.101, 20 C.F.R. § 404.120, 20 C.F.R. § 404.315; *see also Potter v Sec'y of Health & Human Servs.,* 905 F.2d 1346, 1348-49 (10th Cir. 1990) ("the relevant analysis is whether the claimant was actually *disabled* prior to the expiration of her insured status") (emphasis in original).

[5] All citations are to the 2019 edition of Part 404 of the Code of Federal Regulations (C.F.R.) which governs disability claims. Substantially identical provisions in Part 416, which govern SSI claims are omitted for brevity.

On October 17, 2019, consistent with the five-step sequential evaluation process, the ALJ issued a written decision ("Decision"). (Tr. 14-28); *see* 20 C.F.R. § 416.920 (describing the five-step evaluation process). At step two, the ALJ found that Plaintiff had the severe impairment of degenerative disc disease of the cervical spine along with the following non-severe impairments: "hypothyroidism, Lyme disease, somatic symptoms disorder with predominate pain, persistent, severe, a depressive disorder due to multiple medical conditions, with major depressive like episodes, persistent depressive disorder due to early onset, social anxiety disorder, attention deficit hyperactivity disorder, combined presentation." (Tr. 18); *see* 20 C.F.R. § 404.1520(c); 20 C.F.R. § 416.920(c). After determining that Plaintiff's impairment or combination of impairments did not meet or equal a listed impairment, *see* 20 C.F.R. § 404, Subp P. Appx 1, the ALJ concluded that Plaintiff had the Residual Functional Capacity ("RFC") to perform "light work"[6] and could "frequently reach overhead bilaterally." (Tr. 13.)

At step four, the ALJ reasoned that, because the job did not require the performance of any work-related activities precluded under the RFC, Plaintiff was able to perform her past relevant work as a mortgage broker. (Tr. 24); *see* 20 C.F.R. § 404.1565; 20 C.F.R. § 416.965. Based thereon, the ALJ denied Plaintiff's application for disability benefits finding that she was not disabled under the Act.

---

[6] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying up to 10 pounds." 20 C.F.R. § 404.1567(b). "[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." Social Security Ruling (SSR) 83-10.

3

On August 5, 2020, the Appeals Council denied Plaintiff's request, making the ALJ's October 2019 Decision the Commissioner's final Decision for purposes of review. (Tr. 1-6); 20 C.F.R. § 404.981; 20 C.F.R. § 416.1481.

Plaintiff's September 30, 2020, appeal to this court followed. (ECF No. 2); *see* 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). In conducting its review, the Court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Hendron v. Colvin,* 767 F. 3d 951, 954 (10th Cir. 2014).

Substantial evidence review is deferential, and the agency's factual findings are considered "conclusive" if they "are supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153, 203 L. Ed. 2d 504, 508 (2019) (*quoting* 42 U.S.C. § 405(g)). As the Supreme Court recently confirmed, the substantial evidence threshold "is not high" and deference should be given to the presiding ALJ "who has seen the hearing up close." *Id.* at 1154, 1157. Substantial evidence is defined as "more than a mere scintilla" and "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1154 (internal quotation omitted).

## **REGULATORY FRAMEWORK**

On January 18, 2017, the agency published revisions regarding the evaluation of medical evidence. *See* "Revisions to Rules Regarding the Evaluation of Medical Evidence," 82 Fed. Reg. 5844 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15, 132 (March 27, 2017)). The revised regulations became effective on March 27, 2017, and the regulatory changes apply to claims, such as Plaintiff's, that were filed after that date. *Id., see, e.g.,* 20 C.F.R. § 404.1520c (explaining how an adjudicator considers medical opinions for claims filed on or after March 27, 2017). The revisions change agency policy and prior medical evidence rules in several respects that are applicable here. *See* 81 Fed. Reg. at 62.560.

First, the revised regulations redefine how evidence is categorized, identifying five main categories of evidence: (1) objective medical evidence, (2) medical opinion evidence, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. *See* 20 C.F.R. § 404.1513(a). Under the prior regulations, evidence from federal and state agency medical and psychological consultants was categorized as both medical opinions and administrative findings of fact. *See* 81 Fed. Reg. at 62.563. The revised regulations, however, place this information into a single category of evidence called "prior administrative medical findings." *Id.* at 62.564; 20 C.F.R. § 404.1513(a)(5).

Second, regarding medical opinions, the revised regulations include the following with respect to a claimant's mental limitations:

> A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the following abilities: . . .
>
> Your ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting. . . .

20 C.F.R. § 404.1513(a)(2) & (ii).

Third, the revised regulations no long use the term "treating source" or apply the "treating source rule." As a result, the ALJ no longer gives deference or any "specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a); 82 Fed. Reg. at 5853.

Finally, in considering evidence under the revised regulatory framework, the ALJ's focus is on the persuasiveness of the medical opinions or prior administrative medical findings as viewed through the lens of supportability, consistency, relationship with claimant, specialization and other factors that tend to support or contradict a medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c (a-c). The most important factors for the ALJ's consideration are supportability and consistency. *Id.*

6

## **DISCUSSION**[7]

At step 2 of the sequential evaluation process, the ALJ is tasked with determining whether a claimant has a medically determinable impairment that is severe, or a combination of impairments that are severe. *See* 20 C.F.R. § 404.1520(c), 20 C.F.R. § 416.920(c)). As explained in the Decision,

> [a]n impairment or combination of impairments is 'severe' within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. An impairment or combination of impairments is 'not severe' when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work.

(Tr. 16.) Here, the ALJ determined that Plaintiff had a severe physical impairment and non-severe mental impairments. (Tr. 18-19.)

On appeal, Plaintiff argues the Decision is not supported by substantial evidence because the ALJ improperly concluded that Plaintiff's mental impairments were not severe, failed to consider Plaintiff's mental impairments throughout the sequential evaluation process and cherry-picked information from the record to support his conclusion denying benefits.

These challenges are addressed further herein.

---

[7] The Court's discussion is based upon Plaintiff's Motion for Review of Agency Action and Defendant's Opposition to the Motion. (ECF No. 20; ECF No. 23.) Plaintiff has not filed a Reply Memorandum, and the time within which to do so has expired. (ECF No. 19); *see also* DUCivR 7-4.

7

I.     **The ALJ Reasonably Concluded That Plaintiff's Mental Impairments Were Not Severe.**

Plaintiff asserts the bar is "low" for determining whether an impairment is severe and that a claimant need only make a *de minimus* showing of medical severity. (ECF No. 20 at 5.) Plaintiff further argues that it "strains credibility" for the ALJ to conclude, such as here, that a claimant "with such an extensive list of mental impairments would be able to function in a fulltime, competitive work environment . . . ." (*Id.*)

Under the revised regulations evidence is categorized and considered based on objective medical evidence, medical opinion and medical findings. 20 C.F.R. § 404.1513(a). Thus, despite Plaintiff's claim, the collective number or amount of impairments that a claimant has been treated for is not a factor that is relevant to the analysis.

Here, consistent with the conclusions of state agency reviewing psychologists Dr. Nancy Cohn ("Dr. Cohn") and Dr. Matthew Park ("Dr. Park"), the ALJ determined that Plaintiff's mental impairments were not severe, based on evidence showing Plaintiff had, at most, mild mental limitations with no difficulty understanding, remembering, or applying information. (Tr. 71-72; Tr.91-93; Tr. 115-18); *see* 20 C.F.R. § 404.1520a(d)(1) (if the degree of limitations from a mental impairment is mild, the impairment is generally considered not severe). In considering severity, the ALJ further noted and gave weight to medical evidence indicating that Plaintiff's depression and anxiety were controlled with medication, Plaintiff's mental status was at normal and that she exhibited good mental functioning. (Tr. 555-56; Tr. 598; Tr. 835.)

II.     **The ALJ Did Not Impermissibly Cherry-Pick Evidence And Considered Plaintiff's Non-Severe Conditions When Assessing the RFC.**

In December 2017, psychologist Craig K. Swaner, Ph.D. ("Dr. Swaner"), performed a consultative examination. (Tr. 550-57.) Plaintiff argues that, as evidenced by the ALJ's consideration of Dr. Swaner's examination, the ALJ "cherry-picked through the record" to support a finding that Plaintiff's mental impairments were not severe. Additionally, Plaintiff contends that the ALJ failed to consider Plaintiff's non-severe impairments when assessing her mental residual functional capacity

At step 2, as long as a claimant has at least one "severe" impairment, the ALJ proceeds with the remainder of the sequential evaluation process and, when assessing a claimant's RFC, the ALJ must consider the combined impact of all impairments, including those that are non-severe. *See* 20 C.F.R. § 404.1545(a)(2); 20 C.F.R. § 404.1521 (severe impairment significantly limits a claimant's ability to perform basic physical or mental work activities). A "failure to find a particular impairment severe at step two is not reversible error when the ALJ finds at least one other impairment is severe." *Allman v. Colvin,* 813 F.3d 1326, 1330 (10th Cir. 2016). Here, the ALJ found Plaintiff had the severe impairment of degenerative disc disease of the cervical spine and as a result proceeded with the sequential evaluation process. (Tr. 18-19.)

As part of the sequential evaluation process, the ALJ reasonably considered the impact of Plaintiff's non-severe mental conditions when assessing her RFC and did not "completely ignor[e]" or "cherry-pick" [8] evidence related to Plaintiff's mental limitations. (ECF No. 23 at 7.)[9]

---

[8] As support for his cherry-picking argument, Plaintiff relies on *Robinson v. Barnhart,*

(continued . . .)

To the contrary, the ALJ acknowledged that Plaintiff claimed mental impairments of depression, anxiety and ADHD, reported brain fog, claimed that she "rarely left home" or "completed her activities of daily living" and had to give up her mortgage business due to physical conditions, anxiety and depression. (Tr. 19-222; Tr. 64; Tr. 302); *see* 20 C.F.R. § 404.1529(c) (ALJ evaluates intensity and persistence of symptoms).

The ALJ considered Plaintiff's non-severe mental limitations throughout the sequential evaluation process and contrasted those limitations with other findings from the relevant time frame showing that Plaintiff exhibited normal mental status, insight, judgment, orientation, concentration, mood and affect. (Tr. 20-22; Tr. 420; Tr. 511; Tr. 530; Tr. 546; Tr. 555-56; Tr.

---

366 F.3d 1078 (10th Cir. 2004) (holding ALJ not entitled to pick and choose from a medical opinion and use only those parts that are favorable to a non-disability finding). The *Robinson* court considered the ALJ's consideration of a treating doctor's opinion under the prior regulations allowing for certain weight to be given to treating source evidence. *See* 20 C.F.R. § 404.1527. However, as noted herein, *see supra* at 5-6, because Plaintiff filed her application for benefits after March 27, 2017, this case is governed by the revised rules for evaluating opinion evidence. *See e.g.,* 20 C.F.R. § 404.1520c (explaining how adjudicator considers medical opinions for claims filed on or after March 27, 2017).

[9] Plaintiff also argues that at step 3 that the ALJ only considered Listing 1.04 for Plaintiff's cervical disc disease and failed to consider any mental health listings. (ECF No. 20 at 9.) The ALJ generally stated that Plaintiff's impairments did not meet or medically equal a listing. (Tr. 19.) Under SSR 17-2p this discussion was sufficient because the ALJ is not required to articulate specific evidence supporting his finding where, such as here, the ALJ concludes that the evidence of record does not reasonably support a finding that the claimant's impairment met or medical equaled a listing. *See* 2017 SSR LEXIS 2.

598); ); *see* 20 C.F.R. § 404.1529(c)(4) (ALJ evaluates whether a claimant's statements about her symptoms are supported by the objective medical evidence). In doing so, the ALJ recognized that Plaintiff could read, write, do basic math, remember five numbers forward and backward, spell correctly, complete serial three counting in reverse order without error and remember two of three items presented five minutes later. (Tr. 21-22; Tr. 554-56.) Further, the ALJ noted that Plaintiff enjoyed babysitting her granddaughter and, when working, Plaintiff was able to control her anxiety and depression with medication. (Tr. 20-22; Tr. 519; Tr. 685; Tr. 835); *see* 20 C.F.R. § 404.1529(c)(3)(iv) (ALJ considers claimant's activities); 20 C.F.R. § 404.1529(c)(iv) (ALJ considers medication taken to relieve symptoms).

Additionally, the ALJ considered medical opinions and prior administrative medical findings regarding Plaintiff's mental functioning. *See* 20 C.F.R. § 404.1520c(b) (ALJ articulates persuasiveness of medical opinions and prior administrative medical findings). The ALJ found Dr. Cohn and Dr. Park's conclusions on Plaintiff's work-related mental abilities to be highly persuasive. (Tr. 23-24; Tr. 71-72; Tr. 91-93; Tr. 115-18.) Both Dr. Cohn and Dr. Park reviewed Dr. Swaner's report and considered his conclusions that Plaintiff was off task, distracted and rambling during the testing of her ability to complete tasks.[10] (Tr. 92; Tr. 118; Tr. 556.) As part

---

[10] Admittedly, the ALJ did not discuss Dr. Swaner's opinion that Plaintiff was able to follow simple instructions and had difficulty with more detailed tasks. (Tr. 21-22; Tr. 25; Tr. 555); *see* 20 C.F.R. § 404.1513(a)(2)(ii) (medical opinion includes ability to carry out instructions). Yet, the Decision indicates that the ALJ gave more credence to Dr. Swaner's findings that Plaintiff ultimately had no issues with attention, concentration, reasoning skills,

(continued . . .)

of their review, Dr. Cohn and Dr. Park determined that Plaintiff was able to participate meaningfully in the mental status tasks, concluded that there were no attention and concentration problems demonstrated in Dr. Swaner's testing and recognized there was no indication as to whether Plaintiff had taken her medication on the day of the consultative exam. (Tr. 92, Tr, 118, Tr. 556.) As a result, Drs. Cohn and Park concluded that Plaintiff's non-severe mental impairments caused no limitations in Plaintiff's understanding, remembering or applying information and the ALJ found their conclusions persuasive, consistent and supportable. (Tr. 91-93; Tr. 115-18.)

Upon review and for the reasons stated, the ALJ's determination that Plaintiff did not have work related mental limitations is properly supported by more than a mere scintilla of evidence as required under the substantial evidence standard of review. *Biestek*, 149 S.Ct. at 1154.  Plaintiff had no limitations in understanding, remembering or applying information and, at most, only mild mental limitations in the other areas of mental functioning to be highly persuasive. (Tr. 23-24; Tr. 71-72; Tr. 91-93; Tr. 115-118.) The ALJ found Dr. Swaner's opinion that Plaintiff could manage her own funds to be moderately persuasive and the opinions of Dr. Cohn and Dr. Park to be highly persuasive. (Tr. 25; Tr. 557.)

---

confusion, reading, writing and basic math. (Tr. 555-56); *see Wall v. Astrue,* 561 F.3d 1048, 1067 (10th Cir. 2009). Further, in her function report Plaintiff acknowledged no issues with memory, completing tasks, concentrating, understanding and following instructions and reported only limited mental issues related to brain fog and difficulty with stress and change in routines. (Tr. 302-307; Tr. 307-308.)

## <u>CONCLUSION</u>

Accordingly, for the reasons stated, the Court affirms the ALJ's reasonable findings as supported by substantial evidence and affirms the Commissioner's decision denying Plaintiff's claim for disability benefits.

**IT IS SO ORDERED**.

DATED this 12th day of October 2021.

DUSTIN B. PEAD
United States Magistrate Judge